### In re BLANKENSHIP.

(District Court, S. D. California, S. D.   January 25, 1915.)

1. LIMITATION OF ACTIONS ⬦25—PROMISSORY NOTE.

A note due one day after date, to which the California law was applicable, became barred by limitations four years after maturity, as provided by Code Civ. Proc. Cal. § 337.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 113, 118–131; Dec. Dig. ⬦25.]

2. LIMITATION OF ACTIONS ⬦148—BARRED DEBT—NEW PROMISE.

Under Code Civ. Proc. Cal. § 360, providing that a new written promise will toll the statute of limitations, a writing signed by a debtor, acknowledging the existence of the debt, is sufficient to toll the statute of limita-

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tions, and make the debt enforceable as from the date of such acknowl-
edgment.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§
597–603; Dec. Dig. ☞148.]

3. LIMITATION OF ACTIONS ☞165, 182 — EFFECT — PERSONAL DEFENSE —
PLEADING.

Code Civ. Proc. Cal. § 337, providing that an action on any written con-
tract executed within the state, etc., shall be commenced within four
years, does not bar the indebtedness, but the remedy only; the right to
interpose the defense being purely personal to the debtor, and only avail-
able by him if pleaded as a defense to suit brought.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§
649, 676–680, 682, 695, 705; Dec. Dig. ☞165, 182.]

4. BANKRUPTCY ☞314—ACKNOWLEDGMENT OF BARRED DEBT.

Where a bankrupt, in contemplation of bankruptcy, wrote to his sister,
acknowledging the existence of an indebtedness to her which was barred
by limitations, in order that she might share in his estate, she having no
knowledge at the time of his insolvency or contemplated bankruptcy, such
act was not a fraud on his other creditors or on the Bankruptcy Act (Act
July 1, 1898, c. 541, 30 Stat. 544), and was effective to bar the statute of
limitations and render the sister's claim provable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478,
483–487, 489, 490; Dec. Dig. ☞314.]

In Bankruptcy. In the matter of bankruptcy proceedings of R. F.
Blankenship. On petition to review a referee's order allowing a claim
in favor of the bankrupt's sister on a note due one day after date. Af-
firmed.

W. T. Craig and Carroll Allen, both of Los Angeles, Cal., for trustee.
J. W. Hocker, of Los Angeles, Cal., for claimant.

BLEDSOE, District Judge. [1] This is a review of an order of the
referee in bankruptcy allowing a claim in the above-entitled proceed-
ing. The question sought to be reviewed, and the only one urged by
counsel for the trustee, representing the creditors, is very simple. It
arises out of the following facts:

The bankrupt in 1906, in consideration of money borrowed by him,
gave to his sister a promissory note for $1,200, due one day after date.
Under the statute of California (C. C. P. § 337) this note became barred
by the statute of limitations four years after maturity. It seems not
to have been paid. In 1914, while insolvent, and while the sister of
the bankrupt, from her knowledge of the facts, had good reason to be-
lieve that the said bankrupt was insolvent, he addressed a communica-
tion in writing to his sister, acknowledging the indebtedness, agreeing
to pay it, and tendering a payment of $10 thereon on account. It is
found by the referee, and these findings are not challenged, that the
claimant, the sister, did not solicit the writing of the said letter, had no
knowledge of the intent of the bankrupt in the writing of it, and no
knowledge of his then intent to file a voluntary petition in bankruptcy.
It is also found that the bankrupt, at the time of the writing of the let-
ter in question, had decided to file a voluntary petition in bankruptcy,
that it was because of this that the letter was written, and that it was
done with the intent and purpose of renewing said note, in order that
it might participate in dividends derived from his estate in bankruptcy.

[2] Under section 360 of the Code of Civil Procedure of California and the decisions based thereon, it has been held that a writing signed by the party to be charged, containing an acknowledgment of the existence of the indebtedness, is sufficient to take such indebtedness out of the operation of the statute of limitations and make it enforceable, as from the date of such acknowledgment.

[3] The question in the case, then, simply stated, is whether or not an insolvent person, who is intending to go through bankruptcy, may make an acknowledgment of an existing indebtedness, the right to recover which is barred by the statute of limitations, so as to take the indebtedness out of the operation of the statute, and permit it to become the basis of a provable claim in bankruptcy? In considering this question it must be kept in mind that the statute above referred to does not in itself bar the indebtedness; it merely bars the remedy. The right to interpose the defense of the statute is a purely personal one, and is not available by the debtor unless actually pleaded as a defense to suit brought.

[4] The claim is made by the trustee, acting for the creditors, that the renewal or rehabilitation of a debt, under such circumstances, operates in fraud of the Bankruptcy Act, and constitutes such a preference as would suffice to render it void and of no effect. It is true it would seem, at first blush, as if the deliberate acknowledgment of an outlawed debt, under such circumstances, for the mere purpose of making it provable in bankruptcy, would be a fraud upon the rights of other creditors, whose claims had not been outlawed by the force of the statute, and in this regard in fraud of the general object of the bankruptcy act. This, however, would be because of the assumption that in the doing of the thing inveighed against the bankrupt had thereby rendered a claim, otherwise unenforceable, enforceable against him. Such, however, could result only in the event that the bankrupt had already pleaded the statute in bar of the indebtedness, or had determined so to do.

If, as it must be assumed is the case herein, the bankrupt had always intended to pay the just claim against him, and had determined upon suit brought not to interpose the special defense permitted by the statute, then, in the making of the acknowledgment at the time it was made, in so far as his own personal attitude was concerned, he was not changing his position either for the worse or otherwise. In this view of the case, it seems to me that his own conduct cannot be defined as in fraud of the Bankruptcy Act, and that, for that reason, the trustee of his estate should not be permitted thus to characterize it. The case is much different, in my judgment, from one in which, for instance, an insolvent person, after having defeated a claim, because of his plea of the statute, should thereafter, and in contemplation of bankruptcy, attempt to rehabilitate the claim, merely that the owner thereof might participate as against other lawful creditors.

I can find nothing in the Bankruptcy Act which prohibits the doing of the thing done herein, and under the assumption in which I have indulged hereinabove with respect to the motives actuating the bankrupt I can find nothing in his own conduct worthy of censure. No authority in support of the claim of the trustee has been called to my at-

tention, save that of a decision of Judge Ray in the District Court of New York, reported as In re Banks (D. C.) 207 Fed. 662. I do not understand that decision, however, to hold that such an acknowledgment of an indebtedness as is herein under consideration is either a preference or a fraud upon the Bankruptcy Act.

The claimant having surrendered the $10 payment and thereby purged her claim of its preferential feature, the order of the referee is affirmed.